■ Alberto Gomes et al., Appellants, v Peter Scalamandre & Sons, Inc., Defendant and Third-Party Plaintiff-Respondent. Hendrickson Brothers, Inc., Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Samanga, J.), entered June 27, 1980, which, *inter alia,*

was in favor of defendant and against them, after a jury trial. Judgment reversed, on the law and new trial granted as to all parties and causes, with costs to abide the event. Under the circumstances it was error for the court, after charging that "for liability, there has to be negligence and the negligence must be the proximate cause of the injury and there must be freedom from contributory negligence", to refuse to accede to plaintiffs' exception and their request to charge that the injured plaintiff's contributory negligence, if any, must be a proximate cause of the accident and resulting injuries. It was also error, under the circumstances, to fail to advise the jury, as requested, that plaintiffs could recover if defendant, either alone or concurrently with some party other than the injured plaintiff, was negligent (see *La Gattuta v Central Hudson Gas & Elec. Corp.*, 40 AD2d 686). We note that at trial the court refused admission into evidence of a written statement of the injured plaintiff's coemployee, which was favorable to the plaintiffs but inconsistent with the coemployee's later pretrial deposition. This deposition was read into evidence pursuant to CPLR 3117 (subd [a], par 3, cl [ii]) because the coemployee was absent from the State. Plaintiffs' counsel had full notice of the taking of the said deposition and chose not to attend. The denial of such admissibility was proper, therefore, since plaintiffs' counsel had full opportunity to lay a proper foundation at the deposition for the admissibility of such written statement, but failed to do so. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.